**The People of the State of Illinois, Defendant in Error, v. Edward Fichter, Plaintiff in Error.**

**Gen. No. 6,157. (Not to be reported in full.)**

Error to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed December 27, 1915.

## Statement of the Case.

Prosecution by the People of the State of Illinois against Edward Fichter, defendant, in the County Court of Lake county, charging defendant with unlawfully keeping open a tippling house on Sunday. Defendant was regularly licensed to keep a bar in connection with a dancing pavilion, at which bar intoxicants were sold. It was admitted that on some Sundays defendant's place was kept open for the sale of tobacco and "soft drinks," including "near beer." The conviction was based on the testimony of two hired investigators, whose testimony was denied by defendant, corroborated by his bartender, and to some extent by another person. The case was tried by a jury.

To reverse a judgment of conviction with sentence to pay a fine of one hundred and fifty dollars, defendant prosecutes this writ of error.

A. L. TOMPKINS and GEORGE W. FIELD, for plaintiff in error.

R. J. DADY and E. M. RUNYARD, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1.  WITNESSES, § 253*—*when weight of testimony for jury.* Owing to the removal of many disqualifications of witnesses, such as being interested, many witnesses formerly barred are now heard, and the weight of their testimony is primarily to be determined by the jury subject to the approval of the trial court and that of a reviewing court.

2.  WITNESSES, § 267*—*how weight of testimony of detectives determined.* In a criminal case the testimony of private detectives employed and paid to secure evidence against defendant is to be considered and weighed like the testimony of other witnesses, with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a proper consideration of the influences under which such witnesses were acting.

3. APPEAL AND ERROR, § 1404*—*when verdict will not be set aside on appeal.* Since the jury and the trial court are more likely to judge correctly of the truth or falsity of the testimony of interested witnesses, a verdict based on such testimony will not be set aside by a reviewing court unless the finding is so palpably against the weight of the evidence as to indicate that the verdict is based on passion or prejudice.

4. INTOXICATING LIQUORS, § 147*—*when evidence sufficient to sustain conviction for unlawfully keeping tippling house open on Sunday.* In a prosecution for unlawfully keeping a tippling house open on Sunday, where the prosecuting witnesses were private detectives employed and paid to secure evidence against defendant, and where the evidence was conflicting, evidence *held* sufficient to warrant a judgment of conviction.